SMITH (CRAIG v.). See Cases Nos. 3.338 and 3.339.

---

## Case No. 13,030.

### SMITH v. CRAWFORD.

[6 Ben. 497;[1] 9 N. B. R. 38.]

District Court, S. D. New York. May, 1873.

BANKRUPTCY — LIMITATION OF SUITS — ADVERSE INTEREST—CASES CRITICISED.

1. An action at law was brought by an assignee in bankruptcy. to recover a debt due to the bankrupt before the adjudication. The petition in bankruptcy was filed December 31st. 1868. and the plaintiff was appointed assignee April 1st. 1869. The debt accrued February 5th. 1867. The defendant pleaded specially. "that the cause of action did not become vested in or accrue to the plaintiff at any time within two years next before the commencement of the suit." The plaintiff demurred to the plea: Held. that the limitation of two years, prescribed in the second section of the bankruptcy act [of 1867 (14 Stat. 517)] did not apply to such actions as the present. and that there must be judgment for the plaintiff on the demurrer.

[Cited in Brooke v. McCraken. Case No. 1,-932: Pickett v. McGavick, Id. 11,126. Cited, contra. in Walker v. Towner, Id. 17,-089.]

[Cited in Beeson v. Shiveley. 28 Kan. 580.]

2. The cases of Mitchell v. Great Works Milling. etc.. Co. [Case No. 9,662]. and Pritchard v. Chandler [Id. 11,436]. criticised. Sedgwick v. Casey [Id. 12,610]. maintained.

[This was an action by Albert Smith, assignee of Merrick G. Reade and Charles D. Chase. bankrupts, against David Crawford. Jr.. to recover a debt alleged to be due by the defendant to said bankrupts.]

F. R. Coudert, for plaintiff.

F. F. Marbury and C. M. Da Costa, for defendant.

BLATCHFORD, District Judge. This is an action at law to recover an alleged debt due to the bankrupts before their adjudication. The petition was a voluntary one, filed in this court. December 31st. 1868. The plaintiff was appointed assignee April 1st. 1869. The indebtedness set forth in the declaration is alleged therein to have accrued on the 5th of February, 1867. The declaration is on the money counts. and an account stated. The defendant pleads the general issue, and also a special plea, that the "supposed causes of action in the said declaration mentioned, touching the rights of property of Merrick G. Reade and Charles D. Chase, the bankrupts aforesaid," did not "become vested in. or accrue, to the said plaintiff at any time within two years next before the commencement of this suit." The plaintiff demurs generally to the special plea, and the defendant joins in demurrer.

The only question presented on this demurrer is the same one adjudged by this court in Sedgwick v. Casey [Case No. 12,610]. But this court is pressed to review and reverse the decision then made.

The plea demurred to is sought to be maintained under the 2d section of the bankrupt-

[1] [Reported by Robert D. Benedict. Esq., and here reprinted by permission.].

cy act, which provides, that the several circuit courts of the United States, within and for the districts where the proceedings in bankruptcy are pending, shall "have concurrent jurisdiction with the district courts of the same district, of all suits at law or in equity which may or shall be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of said bankrupt transferable to, or vested in, such assignee; but no suit at law or in equity shall in any case be maintainable by or against such assignee, or by or against any person claiming an adverse interest, touching the property and rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years from the time the cause of action accrued for or against such assignee." It is contended that this suit is a suit at law against a person claiming an adverse interest touching a right of property of the bankrupts, which is vested in the plaintiff, as their assignee. The right of property is said to be the debt or claim which is sought to be enforced in this suit. It is said that the suit is one touching, and to enforce, that right of property, and that the defendant claims an adverse interest, because the plaintiff seeks to recover the debt out of some property which the defendant has and claims, and to which, by defending the suit, the defendant asserts an adverse interest, which interest will be divested, if such property shall be taken, as a result of the suit, to pay the plaintiff's claim.

In Sedgwick v. Casey [supra], the view held was, that the 2d section does not apply to a suit merely to collect a debt or enforce payment of money due on a contract; that, to bring any suit by an assignee in bankruptcy within the section, it must be a suit wherein the plaintiff claims an interest adverse to the defendant in or touching some property, or right of property, of the bankrupt, transferable to or vested in, the plaintiff, as assignee, or one wherein the defendant claims an interest adverse to the plaintiff, as assignee, in or touching some such property, or right of property; that, in the case then before the court, the defendant claimed no ownership of, or title to, the debt or contract which the plaintiff was seeking to enforce against the defendant, nor did the plaintiff claim any ownership of, or title to, any specific property, or right of property, as having passed to him by virtue of his appointment, which the defendant also claimed to own, nor did the defendant claim any ownership of, or title to, any specific property which belonged to the bankrupts; that the limitation of two years applies only to such controversies; that, besides, it applies to controversies of which, by the same 2d section, the circuit court of the district has concurrent jurisdiction with the district

court of the same district; and that the circuit court of this district would have no jurisdiction of the suit then before the court.

The construction I so placed upon the language of the 2d section was, that one of the two adversary parties to the suit must claim an adverse interest, that is, an interest adverse to the other party, respecting some property, or right of property, of the bankrupt, transferable to, or vested in, the assignee, and that the suit must be one involving such claim of adverse interest. I could not and cannot regard a mere debtor to the bankrupt as a claimant of an adverse interest, within the section, if sued by the assignee, to recover such debt. True, the suit is, in one sense, a suit touching a right of property of the bankrupt, vested in the assignee; because, the debt was a right of property of the bankrupt, and it is vested in the assignee, and the suit is founded on it. True, also, the defendant is an adverse party in the suit. But he does not claim an adverse interest touching, that is, in or respecting, the debt claimed, in the sense of the section. He does not claim an adverse interest in anything which, by the suit, the assignee claims and seeks to enforce an interest in. The assignee cannot claim to be vested, by the bankruptcy proceedings, with any interest in such property of the debtor as may be taken to pay the debt. Any interest which he could possibly acquire in such property would not be an interest passing, or transferable, or vested, by the assignment in bankruptcy, but would be an interest resulting solely from a judgment in his favor as plaintiff in the suit. Nor does the defendant claim to own, or have any interest in, or title to, the debt sued on.

If the construction contended for by the defendant were to prevail, the language of the 2d section would cover all suits that an assignee, as such, could bring or that could be brought against him, as such assignee. For, as the assignee has, as such, no property or right of property that does not come from the bankrupt, and as the party opposed to the assignee, in the suit, and the assignee, are adverse parties to each other, in the suit, the description would cover all such suits. Of all such suits the circuit court would, by the section, have concurrent jurisdiction with the district court. On such view, all that is said, in the section, about adverse interest touching the property and rights of property mentioned, might as well have been omitted, and the jurisdiction have been given, concisely, of all suits by or against the assignee, touching the property and rights of property mentioned.

Jurisdiction is expressly given to the district court, by the 1st section of the act, to collect all the assets of the bankrupt. This suit is simply a suit to collect an asset of the bankrupts, without being a suit to recover anything as transferred in violation of the 35th or 39th section of the act, under the

right of action given by those sections, and in which the transferee claims an adverse interest, and without being a suit to recover anything else in which an adverse interest is claimed. Therefore, the jurisdiction of this court over the subject-matter of this suit needs no support, and can receive none, from any section of the act except the 1st section. A suit brought under the jurisdiction conferred on the circuit courts by the 2d section, may be a suit to collect an asset of the bankrupt. A suit brought under the right of action given by the 35th and 39th sections may result in collecting an asset of the bankrupt. But, it has been held by the supreme court (Smith v. Mason, 14 Wall. [81 U. S.] 419) that the enumeration, in the 1st section, of the controversies to which the general jurisdiction of the district court extends, and which enumeration includes "the collection of all the assets of the bankrupt," does not include the suits mentioned in the 2d section; and that a suit by an assignee in bankruptcy, to divest a person of an interest claimed by such person in a fund transferred by the bankrupt before the adjudication of bankruptcy, must be brought under the 2d section, in a plenary way, and not under the 1st section, as a summary proceeding, although the thing sued on is, necessarily, an asset of the bankrupt.

It is contended, for the defendant, that, whatever view may be taken of the clause, in the 2d section, conferring jurisdiction on the circuit courts over the suits specified therein, the clause in regard to the limitation is so broad as to cover the present suit. The provision is, that "no suit at law or in equity shall in any case be maintainable by or against such assignee, or by or against any person claiming an adverse interest, touching the property and rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years from the time the cause of action accrued for or against such assignee." It is contended, that this is a plain provision, that no suit shall be maintainable by or against the assignee, touching the property and rights of property of the bankrupt, transferable to, or vested in, the assignee, unless it is brought within two years from the time the cause of action accrued for or against the assignee; and that this suit is one touching, and founded on, such a right of property. But this view allows no meaning to the words, "or by or against any person claiming an adverse interest." In order to give any meaning to those words, it must be held that the limitation prescribed refers only to the kind of suits mentioned in the previous part of the same section. The two parts of the sentence are separated by a semicolon. The granting of jurisdiction to certain circuit courts, in such suits, precedes, in the sentence. Then follows the semicolon. Then follows the word "but," as introducing a restriction on the exercise of jurisdiction, in such descrip-

tion of suits, by any courts, by a limitation thereof, as to time. The limitation must, it seems to me, to give effect to all its language, be held to mean the same as if it read, that "no suit at law or in equity shall, in any case, be maintainable by such assignee, against any person claiming an adverse interest, touching the property and rights of property aforesaid, or by any person claiming an adverse interest, touching the property and rights of property aforesaid, against such assignee, in any court whatsoever, unless the same shall be brought within two years from the time the cause of action accrued for or against such assignee."

The case principally relied on to sustain the view urged on the part of the defendant, as to the construction of the clause of the 2d section in regard to the jurisdiction of suits, is that of Mitchell v. Great Works Milling & Manuf'g Co. [Case No. 9,662], which arose under the bankruptcy act of August 19, 1841 (5 Stat. 440). The 8th section of that act contained this provision: "The circuit court within and for the district where the decree of bankruptcy is passed, shall have concurrent jurisdiction with the district court of the same district, of all suits at law and in equity which may and shall be brought by any assignee of the bankrupt against any person or persons claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of said bankrupt, transferable to, or vested in, such assignee; and no suit at law or in equity shall, in any case, be maintainable by or against such assignee, or by or against any person claiming an adverse interest touching the property and rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years after the declaration and decree of bankruptcy, or after the cause of suit shall first have accrued." The language of this section is, to all intents, the same as that found, as before quoted, in the 2d section of the present act. There is some difference in punctuation, as seen in the two citations, but none to affect the question involved. The suit, in the case cited, was a bill in equity, brought in the circuit court for the district of Maine, by an assignee in bankruptcy, to obtain an accounting by the defendants in respect of an agency of the bankrupts for them, and the payment of a sum which, it was alleged, would be found due on such accounting. The bill was demurred to. One of the objections taken was, that the circuit court had no jurisdiction of the case. The court (Mr. Justice Story) proceeds, first, to consider the question of the jurisdiction of the district court over such a case, and holds that it finds such jurisdiction conferred on the district court by the 6th section of the bankruptcy act of 1841, in its provision, that the "jurisdiction in all matters and proceedings in bankruptcy," arising under the act, "to be exercised sum-

marily, in the nature of summary proceedings in equity," conferred on the district court, "shall extend to all acts, matters, and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy." This clause it holds "to include the jurisdiction to entertain suits to adjust all adverse claims, and to collect all outstanding debts." It further holds, that the circuit court, under the 8th section of the act, was given jurisdiction of the case. The view taken is, that "a debt claimed by, and due to, the bankrupt, from any person, is a right of property in the bankrupt," assignable under the act, and suable by the assignee; that the debtor, in every such case, is, necessarily, in the sense of the act, an adverse party, because he does not pay the debt, and resists its payment, on suit brought, and that the statement in the 8th section, that the jurisdiction therein given to the circuit court is a concurrent jurisdiction with the district court, shows that the district court has, by the 6th section, jurisdiction of such a suit. This reasoning is, to my mind, entirely unsatisfactory, and on the grounds before stated. The statute does not say that the circuit court shall have jurisdiction of every suit to which the assignee is a party, and wherein he is an adverse party to the other party, touching the property or rights of property mentioned. The fact of bringing the suit, makes the party bringing the suit against the assignee, and the party against whom the assignee brings the suit, a party adverse to the assignee, in the suit. The statute does not speak of "an adverse party." It speaks of a person claiming an interest adverse to the assignee, touching the property or rights of property referred to.

In Pritchard v. Chandler [Case No. 11,436], Mr. Justice Curtis follows such decision of Judge Story, and holds that, "a suit by an assignee, to recover a debt due to the bankrupt, is," under the 8th section of the act of 1841, "a suit against a person claiming an adverse interest touching a right of property of the bankrupt, within the meaning of that section of the act, and that such a suit is, therefore, within the jurisdiction" of the circuit court.

The case of McLean v. Lafayette Bank [Case No. 8,885], did not involve the question, for that was a suit to set aside certain alleged liens on the property of the bankrupts, as created in fraud of the bankruptcy act.

Opposed to the construction put by Mr. Justice Story and Mr. Justice Curtis, on the 8th section of the act of 1841, is the language of Mr. Justice Nelson, in Re Conant [Case No. 3,086], where he says, that the limitation in that section "applies only to suits growing out of disputes in respect to property and rights of property of the bankrupt which come to the hands of the assignee, and to which adverse claims existed while in the hands of the bankrupt, and before the assignment."

Under the present bankruptcy act, the uniform current of decisions has been in accordance with the views of this court in Sedgwick v. Casey, no case being cited which holds a different view.

In Woods v. Forsyth [Case No. 17,992], the circuit court for the district of Missouri (Judges Treat and Krekel) held that it had not "concurrent original jurisdiction given it by the bankrupt act, for the collection of the debts due the bankrupt and the settlement of his estate;" that the concurrent jurisdiction conferred by the 2d section of the act "is confined to cases in which there is a disputed title or claim to property, to suits in which some title or claim to the property or assets, adverse to that of the assignee, is set up;" and that the court had no jurisdiction of the suit before it, which was a suit by an assignee in bankruptcy to collect a debt due by the defendant to the bankrupt prior to the bankruptcy.

In Re Krogman [Case No. 7,936], the district court for the Eastern district of Michigan (Judge Longyear) concurred with the views of this court in Sedgwick v. Casey.

In Davis v. Anderson [Case No. 3,623], in the district court for the Eastern district of Missouri, Judge Treat states his view to be, that the limitation in the 2d section of the act "is to be confined to controversies about property rights, or legal and equitable titles to property."

In Goodall v. Tuttle [Case No. 5,533], which was a suit in the district court for the Western district of Wisconsin, brought by an assignee in bankruptcy to collect a debt claimed to be owing by the defendant to the bankrupt at the time of the commencement of the bankruptcy proceedings, Judge Hopkins says, that the 2d section of the act does not clothe the circuit court with jurisdiction of such a case.

The case of Bachman v. Packard [Case No. 709], is a case precisely like the one at bar. The plaintiff, as assignee in bankruptcy, brought suit in the circuit court for Oregon, to recover the amount due on a promissory note made by the defendant to the bankrupt before the bankruptcy. There was a demurrer to the complaint, assigning for cause that the court had not jurisdiction of the subject of the action. The opinion of the court (Deady, J.) is very full, on the question, and holds the same views which I have maintained in the present case. It cites the decision of Judge Story under the act of 1841, and examines it, and dissents from it, and sustains the demurrer.

There must, therefore, be judgment for the plaintiff, on his demurrer to the special plea.